IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMEN'S HEALTH, et al. | § | |
| | § | |
| V. | § | A-14-CV-284-LY |
| | § | |
| DAVID LAKEY, M.D., et al. | § | |

### ORDER

Before the Court are State Defendants' Motion to Compel Production of Subpoenaed Documents (Dkt. No. 83) and Non-party Southwestern Women's Surgery Center's Response (Dkt. No. 89). The District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. On July 1, 2014, the Court held a hearing on the motion.

### I. BACKGROUND AND ANALYSIS

In this case, Plaintiffs allege facial and as-applied constitutional challenges to Texas House Bill No. 2,[1] contesting the constitutionality of the admitting privileges requirement and the provisions that requires abortion facilities to meet the minimum Texas standards for ambulatory surgical centers ("ASC"). The ASC requirement becomes effective September 1, 2014.

The instant motion pertains to discovery requests served upon non-party Southwestern Women's Surgery Center ("SWSC") via subpoena on May 14, 2014. The subpoena requested the production of information and documents related to the business and operations of SWSC. State

---

[1] Act of July 12, 2013, 83rd Leg., 2d C.S., ch. 1, §§ 1–12, 2013 Tex. Sess. Law Serv. 4795–4802 (codified at TEX. HEALTH & SAFETY CODE §§ 171.0031, 171.041–048, 171.061–064, & amending §§ 245.010–.011; TEX. OCC. CODE amending §§ 164.052 & 164.055).

Defendants assert that the information sought is highly relevant to the claims alleged by Plaintiffs in this suit because SWSC is one of a small number of abortion providers that meet the ASC requirements imposed by H.B. 2. State Defendants and SWSC came to an agreement regarding the scope of many of State Defendants' discovery requests. This dispute is focused solely on SWSC objection to producing income statements, profit/loss statements, balance sheets, and other specific financial data. Dkt. No. 83 at 2–3.

Both in their motion and at the hearing, State Defendants argue that the specific financial information requested from SWSC is needed to respond to Plaintiffs' allegation that "requiring existing abortion clinics to comply with [the] ASC minimum standards will cause abortion clinics to close or cease providing abortions as of September 1, 2014." *Id.* at 4. State Defendants further point to the expert reports of George W. Johannes and Anne Layne-Farrar, in support of their position. In particular, they state that the information is relevant to the issues of "the financial viability of owning and operating an ASC, the profitability of ASCs, and whether new abortion-provider ASCs will be opened in Texas." *Id.* at 5. In response, SWSC argues that information about its income and profitability is confidential, proprietary, and irrelevant. It contends that it has already produced or begun producing information related to its costs of opening and operating an ASC, specifically information about its "purchase of the building out of which it operates, documents relating to its application for a state license to operate as an ASC, and information concerning the additional costs associated with operating as an ASC as opposed to a clinic." Dkt. No. 89 at 1-2. SWSC further submits that (1) Plaintiffs' Complaint demonstrates that such specific financial information is not necessary nor relevant to State Defendants' case and (2) State Defendants' have mischaracterized the expert reports of Johannes and Layne-Farrar. *Id.* at 3–4. Additionally, SWSC

notes that a facility's profitability depends on a multitude of factors which will differ from facility to facility, and so its information has little, if any, bearing on the Plaintiffs' ability to operate as ASC. *Id.* at 4.

As an initial matter, the Court notes that State Defendants' have not asked the Court to order SWSC to produce documents responsive to any particular subpoena request. While State Defendants' do provide the Court a copy of SWSC's response and objections to State Defendants' subpoena, their motion only seeks the Court to review whether SWSC should be compelled to produce detailed financial information such as income statements, profit/loss statements, and balance sheets, without specifying the requests to which these documents purportedly are responsive.[2] SWSC response is similarly limited to these same documents, without any discussion of particular provisions of the subpoena. Consequently, the Court assumes there are no other disputes between these parties requiring its attention, and will limit this discussion to whether the court should order SWSC to produce to the State Defendants its income statements, profit/loss statements, balance sheets, or tax returns.

After reviewing the State Defendants' and SWSC's arguments, the Court will grant in part and deny in part State Defendants' motion. In particular, the Court finds that State Defendants have not demonstrated that the detailed financial information requested is relevant to this suit and concludes that the information sought by State Defendants' may be produced in a broader and less intrusive manner.

---

[2] At the hearing, counsel for the State Defendants also referred to wanting to receive SWSC's tax returns.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." While the information sought in discovery need not be admissible at trial, the discovery must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* As noted by State Defendants, "[t]he burden lies with [them] to show *clearly* that the information sought is relevant to the case and would lead to admissible evidence." *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) (emphasis added). As the party resisting discovery, SWSC must "articulate specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive." *Id.*

Here, State Defendants have not shown why SWSC's confidential financial information is relevant to this case, especially considering that SWSC is not a party to this case and has not put its financial status in dispute. Although the Court understands that some financial information might be relevant to Plaintiffs' allegation that the ASC requirement would cause certain abortion clinics to close, State Defendants have not articulated why it would be necessary to obtain SWSC's detailed income statements, profit/loss statements, and balance sheets in order to refute this claim. The Plaintiffs' 32-page Complaint only contains three paragraphs that could be construed as putting in issue the costs of complying with the ASC requirement. Paragraph 2 alleges that Texas House Bill 2 "imposes costs that are far in excess of any potential benefits." Dkt. No. 1, ¶ 2. This does not appear to the Court to be an allegation about specific costs, but rather refers to the type of economic cost/benefit analysis Dr. Layne-Farrar has conducted. Her report does not rely on anything close to a detailed analysis of the specific costs of operating any particular ASC, but rather relies on the more unremarkable—indeed, likely indisputable—contention that operating an ASC is more expensive than operating a clinic. Paragraph 118 discusses the requirements Texas law imposes on an ASC,

4

without reference to costs, and then Paragraph 119 states that "[a]n ASC is far more expensive to acquire and operate than a health care facility that meets existing abortion facility standards. *Id.* at ¶¶ 118–19. The State Defendants have failed to explain why they need SWSC's profit and loss data to refute these claims. Had the Plaintiffs claimed that it was financially impossible to operate an abortion facility and comply with the terms of H.B. 2, then perhaps the data would be relevant. But no such claim is made in the Complaint.

Additionally, to the extent State Defendants contend that the expert reports of Johannes and Layne-Farrar make the financial data relevant, the Court disagrees. Johannes's report focuses almost exclusively on the construction standards imposed by the ASC requirement. Dkt. No. 89, Exhibit B. The only discussion regarding cost is limited to his estimate of the expenses associated with renovating existing abortion facilities or building new ones. *Id.* SWSC has already agreed to produce financial information relating to the costs it incurred in acquiring and opening an ASC. *See* Dkt. No. 89 at 1, 3–4. Similarly, Layne-Farrar's report focuses not on the precise finances of any abortion provider complying with the ASC, but on the broader question of whether the ASC requirement provides any benefits to women seeking abortions. Dkt. No. 89, Exhibit C. Layne-Farrar's discussion of costs related to abortion providers is limited to the costs of building and operating an ASC—financial information that SWSC has again agreed to provide. Dkt. No. 89 at 4. Nowhere does either expert opine on the financial capability of the Plaintiffs specifically, or an abortion provider generally, to comply with the ASC requirement.

Giving the State Defendants the benefit of the doubt, the most the Court can conceive they need from SWSC to be prepared to defend against the claims made in the Complaint is knowledge of whether SWSC has been able to operate profitably as an ASC providing abortions. Thus, the

Court will order that SWSC provide the State Defendants a declaration stating whether SWSC has operated at a profit or a loss in each of the past five years. To the extent an issue exists at trial regarding whether it is possible to operate profitably under the requirements of H.B. 2, this will be sufficient information for the State Defendant to address that issue.

## II.  CONCLUSION

**ACCORDINGLY,** the State Defendants' Motion to Compel Production of Subpoenaed Documents (Dkt. No. 83) is **GRANTED IN PART** and **DENIED IN PART** as set forth above. SWSC shall provide the declaration described herein no later than **Monday, July 14, 2014**.

SIGNED this 7th day of July, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE