IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 AUG - 1  PM 4: 50

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, AUSTIN WOMAN'S HEALTH CENTER, KILLEEN WOMAN'S HEALTH CENTER, NOVA HEALTH SYSTEMS D/B/A REPRODUCTIVE SERVICES, AND SHERWOOD C. LYNN, JR., M.D., PAMELA J. RICHTER, D.O., AND LENDOL L. DAVIS, M.D. (ON BEHALF OF THEMSELVES AND THEIR PATIENTS),<br><br>　　　　　PLAINTIFFS,<br><br>V.<br><br>DAVID LAKEY, M.D. AND MARI ROBINSON (IN THEIR OFFICIAL CAPACITIES),<br>　　　　　DEFENDANTS. | § § § § § § § § § § § § § § § § § § § | CAUSE NO. 1:14-CV-284-LY |

## ORDER

Before the court in the above-styled and numbered cause are Defendants' Motion to Dismiss filed May 2, 2014 (Clerk's Doc. No. 48), Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss filed May 19, 2014 (Clerk's Doc. No. 57), and Defendants' Reply Brief Supporting Defendants' Motion to Dismiss filed May 29, 2014 (Clerk's Doc. No. 63). Defendants (hereafter "the State") move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Having reviewed the motion, response, reply, pleadings, and applicable law, the court will grant in part and deny in part the State's motion.

## I.  Background

Plaintiffs Whole Woman's Health, Austin Woman's Health Center, Killeen Woman's Health Center, Nova Health Systems d/b/a Reproductive Services, Dr. Sherwood Lynn, Jr., Dr. Pamela Richter, and Dr. Lendol Davis (collectively "Plaintiffs") bring this action on behalf of themselves and their patients.  Plaintiffs seek declaratory and injunctive relief relating to two requirements of Texas law imposed by Texas House Bill No. 2 ("House Bill 2" or "the Act") and the Act's implementing regulations. Act of July 12, 2013, 83rd Leg., 2nd C.S., ch. 1, Tex. Gen. Laws; 38 Tex. Reg. 9577-93 (adoption of proposed rules).  The Act's "admitting-privileges requirement" provides that "[a] physician performing or inducing an abortion must, on the date the abortion is performed or induced, have active admitting privileges at a hospital that is located not further than 30 miles from the location at which the abortion is performed or induced." Act, § 2 (codified at Tex. Health & Safety Code § 171.0031); 25 Tex. Admin Code §§ 139.539(c), 139.56(a).  The "ambulatory-surgical-center requirement" provides, in relevant part, that by September 1, 2014, "the minimum standards for an abortion facility must be equivalent to the minimum standards adopted under [Texas Health & Safety Code] Section 243.010 for ambulatory surgical centers." Act, § 4 (codified at Tex. Health & Safety Code § 245.010(a)); 25 Tex. Admin Code § 139.40.

The admitting-privileges requirement was the subject of a pre-enforcement facial challenge brought by several abortion providers, including some of the plaintiffs in this case.  This court permanently enjoined the requirement on October 28, 2013. *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 951 F.Supp.2d 891 (W.D. Tex. 2013).  The United States Court of Appeals for the Fifth Circuit stayed the injunction and ultimately reversed, in part, this court's judgment, finding that the admitting-privileges requirement is constitutional on its face. *Planned*

*Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 748 F.3d 583 (5th Cir. 2014).

In the present case, Whole Woman's Health and Dr. Lynn challenge the admitting-privileges requirement as applied to the abortion facility operated by Whole Woman's Health in McAllen, Texas (the "McAllen clinic"). Nova Health Systems and Dr. Richter challenge the admitting-privileges requirement as applied to the abortion facility operated by Nova Health Systems in El Paso, Texas (the "El Paso clinic"). All plaintiffs challenge the ambulatory-surgical-center requirement on its face, Whole Woman's Health and Dr. Lynn challenge the ambulatory-surgical-center requirement as applied to the McAllen Clinic, and Nova Health Systems and Dr. Richter challenge the ambulatory-surgical-center requirement as applied to the El Paso Clinic.

Specifically, Plaintiffs allege that: (1) as applied to the McAllen and El Paso clinics, the admitting-privileges requirement violates the Due Process Clause of the Fourteenth Amendment with regard to women in the Rio Grande Valley and West Texas; (2) as applied to the McAllen and El Paso clinics, the admitting-privileges requirement violates the Equal Protection Clause of the Fourteenth Amendment with regard to the Plaintiffs and their patients in the Rio Grande Valley and West Texas; (3) as applied to the McAllen and El Paso Clinics the admitting-privileges requirement improperly delegates lawmaking authority in violation of the Due Process Clause of the Fourteenth Amendment; (4) as applied to the McAllen and El Paso clinics and the provision of medical abortion at those clinics, the admitting-privileges requirement constitutes arbitrary and unreasonable State action in violation of the Due Process Clause of the Fourteenth Amendment; (5) the ambulatory-surgical-center requirement with regard to all women in Texas and, as applied to the McAllen and El Paso clinics specifically, with regard to women in the Rio Grande Valley and West Texas, violates the Due Process Clause of the Fourteenth Amendment; (6) the ambulatory-surgical-center

requirement violates the Equal Protection Clause of the Fourteenth Amendment with regard to the Plaintiffs and their patients; and (7) the ambulatory-surgical-center requirement, on its face and as applied to the provision of medical abortion, constitutes arbitrary and unreasonable State action in violation of the Due Process Clause of the Fourteenth Amendment.

The State argues that Plaintiffs' complaint fails and should be dismissed. Specifically, the State argues that each of the Plaintiffs' challenges to the admitting-privileges requirement and the ambulatory-surgical-center requirement are barred by *res judicata*. The State also argues that the Fifth Circuit's ruling in *Planned Parenthood of Greater Texas* forecloses the McAllen and El Paso clinics' as-applied Due Process challenges to the admitting-privilege requirement. 748 F.3d 583 (5th Cir. 2014). The State further asserts that the Plaintiffs' Equal Protection and Unlawful Delegation claims fail due to binding precedent. The State also argues that the "arbitrary and unreasonable state action" challenges in Plaintiffs' complaint fail because there is no constitutional right to be free from "arbitrary and unreasonable state action." Instead, the State asserts, *Planned Parenthood of Greater Texas* establishes that the admitting-privileges and ambulatory-surgical-center requirements withstand rational basis review. Additionally, the State argues that the Plaintiffs' facial challenge to the ambulatory-surgical-center requirement must be dismissed both because the Plaintiffs lack third-party standing to assert other providers' patients' rights and in light of the Act's severability clause. Finally, the State argues that the Plaintiffs cannot assert third-party rights under Title 42, United States Code Section 1983 or the Declaratory Judgment Act.

## II. Legal Standard

The Federal Rules of Civil Procedure allow for dismissal of an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8, but the standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court considers the complaint in its entirety, together with "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The plausibility standard is not a "probability requirement," but does impose a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than

legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### III.  Discussion

A.  Claim Preclusion

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *In re Southmark Corp.*, 163 F.3d 925, 935 (5th Cir. 1999).  The doctrine "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).  In the Fifth Circuit, the test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).  The only point of contention applicable to this case concerns the final element.

The Fifth Circuit has adopted the transactional test of Section 24 of the Restatement (Second) of Judgments to determine whether two suits involve the same claim or cause of action.  *Id*; *see also Southmark Properties v. Charles House Corp.*, 742 F.2d 862 (5th Cir. 1984).   Under the Restatement, what constitutes a "transaction" is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether

6

they form a convenient trial unit, and whether their treatment as a unit conforms to the parties'

expectations or business understanding or usage." Restatement (Second) of Judgments § 24.  The

Restatement also provides that

> [m]aterial operative facts occurring after the decision of an action with respect to the
> same subject matter may in themselves, or taken in conjunction with the antecedent
> facts, comprise a transaction which may be made the basis of a second action not
> precluded by the first. . . . Where important human values—such as the lawfulness
> of a continuing personal disability or restraint—are at stake, even a slight change of
> circumstances may afford a sufficient basis for concluding that a second action may
> be brought.

*Id.* at comment (f).  Underlying the pragmatic standard "is the need to strike a delicate balance

between, on the one hand, the interests of the defendant and of the courts in bringing litigation to a

close and, on the other, the interest of the plaintiff in the vindication of a just claim." *Id.* at comment

(b).

The State alleges that the Plaintiffs are barred from all of their claims by *Planned Parenthood

of Greater Texas*, because the claims "arise from the same transaction litigated in the earlier

proceeding." The State also argues that all claims asserted in this lawsuit could have been brought

in that proceeding.  The court disagrees.  The doctrine of *res judicata* "is to be invoked only after

careful inquiry." *Felsen*, 442 U.S. at 132.  Giving appropriate weight to the factors outlined in the

Restatement and the Restatement's comments, the court strikes the balance in favor of Plaintiffs.

Construing the pleaded facts in the light most favorable to Plaintiffs, Plaintiffs' as-applied

challenge to the admitting-privileges requirement relies on facts that occurred after judgment was

rendered in the previous lawsuit and that were not considered by either this court or the appellate

court. *Planned Parenthood of Greater Texas*, 748 F.3d at 599 n.14 ("To the extent that the State and

[Plaintiffs] rely on developments since the conclusion of the bench trial . . . [the court did] not

7

consider any arguments based on those facts, nor [did the court] rely on any facts asserted in amicus briefs."). In particular, it was not known in late October 2013 that the McAllen and El Paso clinics' physicians would ultimately be unable to obtain admitting privileges despite efforts to secure them. Neither was known the impact of that reality on the clinics' patients' access to previability abortions. The McAllen clinic physicians did not receive notice that they had been denied admitting-privileges until November or December 2013, after the final judgment in *Planned Parenthood of Greater Texas*. The El Paso clinic physician received notice that her temporary privileges would not be extended in February 2014. Plaintiffs plead additional facts that could not have been known at the time of the prior judgment which, if assumed to be true, tend to demonstrate the effect of the admitting-privileges requirement as applied to patients of the clinics. For example, Plaintiffs state that after abortion services ceased in McAllen, health professionals observed an increase in patients from the Rio Grande Valley who had attempted self-abortion without the assistance of a physician.

Plaintiffs' claims regarding the ambulatory-surgical-center requirement are likewise not precluded by *res judiciata*. Regulations implementing the ambulatory-surgical-center requirement were not finalized until late December 2013. 38 Tex. Reg. 9577-93 (Dec. 27, 2013). The Plaintiffs could not have known the extent of the enforcement nor the nature of the regulations governing the ambulatory-surgical-center requirement until after judgment in *Planned Parenthood of Greater Texas*. Moreover, despite being passed as part of an omnibus act, enforcement of the ambulatory-surgical-center requirement is distinct from the admitting-privileges requirement and is not part of the same "transaction, or series of connected transactions." *Petro-Hunt, L.L.C.*, 365 F.3d at 395. As the Plaintiffs' argue, "the [ambulatory-surgical-center] requirement operates independently from the other requirements in the Act, as evidenced by [the requirement's] separate effective date and

8

the need for implementing regulations to give it effect."

In sum, Plaintiffs' claims in this case are not precluded by *res judicata* because those claims are not "the same claim or cause of action" that was brought in the earlier lawsuit. *Id.* In a case such as this, "where important human values . . . are at stake," the pleaded facts afford the court "a sufficient basis for concluding that a second action may be brought." Restatement (Second) of Judgments § 24, comment (f).

## B. Undue-Burden Challenges to the Admitting-Privileges Requirement

The State argues that *Planned Parenthood of Greater Texas* also forecloses the Plaintiffs' undue-burden challenges to the admitting-privileges requirement. Specifically, the State claims that the court's conclusion that "an increase of travel of less than 150 miles for some women is not an undue burden under *Casey*" settles the question with regard to the McAllen clinic as a matter of law. 748 F.3d at 598. The State argues that Plaintiffs' claims are thus collaterally estopped. The State further asserts that the facts alleged in Plaintiffs' undue-burden challenge with regard to the El Paso clinic are "not plausible" and cannot sustain a claim for relief.

Collateral estoppel prevents a party from relitigating an issue raised in an earlier action if (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Petro-Hunt, L.L.C.*, 365 F.3d at 397. "Collateral estoppel does not preclude litigation of an issue unless both the facts and the legal standard used to assess them are the same in both proceedings." *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995).

9

In *Planned Parenthood of Greater Texas*, this court and the Fifth Circuit considered, in part, the merits of a total facial invalidation of the Act's admitting-privileges requirement. The Fifth Circuit, in examining the effect of presumed clinic closures resulting from the admitting-privileges requirement, considered the statute in context of women throughout Texas. *Planned Parenthood of Greater Texas*, 748 F.3d at 600 ("[The record] demonstrates that if the admitting-privileges regulation burdens abortion access by diminishing the number of doctors who will perform abortions and requiring women to travel farther, the burden does not fall on the vast majority of Texas women seeking abortions. Put otherwise, the regulation will not affect a significant (much less "large") fraction of such women, and it imposes on other women in Texas less of a burden than the waiting-period provision upheld in *Casey*."). In other words, women in the Rio Grande Valley who may have to travel distances up to 150 miles do not constitute a large enough fraction of potential previability abortion patients in Texas to justify invalidating the statute under *Casey*. *Planned Parenthood of Southeast Pa. v. Casey,* 505 U.S. 833, 895 (1992). However, neither court considered the question of an allegedly undue burden resulting from the application of the admitting-privileges requirement to a specific clinic or patient population. The Plaintiffs' undue-burden claims as applied to the McAllen clinic survive the State's motion to dismiss.

Similarly, the El Paso clinic's as-applied challenge was not previously considered by this court and is not precluded by *Planned Parenthood of Greater Texas*. The court does not find that Plaintiffs' alleged claims are implausible, nor does the court find merit in the State's argument that women in West Texas can travel to New Mexico to obtain abortion services. *See Jackson Women's Health Organization v. Currier*, 13-60599, – F.3d –, 2014 WL 3730467, *10 (5th Cir. July 29, 2014) (holding that availability of abortion services in neighboring state is not proper consideration for

10

purposes of undue-burden analysis).  The court concludes that Plaintiffs' undue-burden claims as applied to the El Paso clinic are plausible and survive the State's motion to dismiss.


C.  Equal Protection Claims

The State argues that Plaintiffs' Equal Protection challenges to the ambulatory-surgical-center requirement and the admitting-privileges requirement fail because "it has long been settled that States may impose abortion-specific regulations without extending those requirements to other medical procedures."  Further, the State asserts, the requirements do not draw any classification that triggers heightened scrutiny.  The State also argues that the Fifth Circuit held that the admitting-privileges requirement survives rational-basis review.  *Planned Parenthood of Greater Texas*, 748 F.3d at 596; *see also Jackson Women's Health Organization*, 2014 WL 3730467 at *5.

Plaintiffs' arguments to the contrary are unavailing.  There is no constitutional requirement that a statutory distinction be "directly related" to the State's interest.  *See Heller v. Doe*, 509 U.S. 312, 321 (1993) ("[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends.").  Specifically, when analyzing the rational basis of the Act, the Fifth Circuit noted that "[t]he fact that reasonable minds can disagree on legislation, moreover, suffices to prove that the law has a rational basis."  *Planned Parenthood of Greater Texas*, 748 F.3d at 594.  Despite Plaintiffs' attempts to distinguish it, the Supreme Court's approval of regulations that apply only to abortion procedures and that are not equally applied to other medical procedures informs this court's decision.  *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 67 (1976).  For these reasons, Plaintiffs' Equal Protection claims with regard to both requirements cannot succeed and will be dismissed.

11

D.  Unlawful-Delegation Claims

The State asserts that the Fifth Circuit addressed the question of unlawful delegation with regard to the admitting-privileges requirement when it stated:

> The requirement that physicians performing abortions obtain surgical privileges, which involves the independent action of a public or private hospital, poses no more significant threat to plaintiffs' due process rights than the requirement that those performing abortions be licensed physicians, which involves the independent action of a medical licensing board.

*Planned Parenthood of Greater Texas*, 748 F.3d at 600.  Plaintiffs' arguments that the requirement could be proper in some circumstances but not all circumstances does not persuade the court or surmount the plausibility standard.  Plaintiffs cannot succeed on this claim in the face of the Fifth Circuit's *Planned Parenthood of Greater Texas* holding.  Plaintiffs' unlawful-delegation claims will be dismissed.


E.  "Arbitrary and Unreasonable State Action" Claims

Although not clear from the pleadings, the court construes Plaintiffs' claims involving "arbitrary and unreasonable state action" to be claims relating to the rationality of both requirements–the admitting-privileges requirement as applied to the McAllen and El Paso Clinics and the ambulatory-surgical-center requirement on its face and as applied to the two clinics.  The claims also encompass the rationality of both requirements on the provision of medical abortions. Plaintiffs do not direct the court to any precedent that guarantees a specific constitutional right to be free from arbitrary and unreasonable state action, nor do they respond directly to the State's arguments that there is no such right.  The court concludes that the Plaintiffs' claims contest the rational basis of the requirements contained in the Act.

12

There is a rational connection between the admitting-privileges requirement and the State's goals. *Planned Parenthood of Greater Texas*, 748 F.3d at 594 ("[T]he State's articulation of rational legislative objectives . . . easily supplied a connection between the admitting-privileges rule and the desirable protection of abortion patients' health."). The same analysis applies to legislative objectives with regard to the ambulatory-surgical-center requirement and the State's purported interests in enacting the requirement. In light of *Planned Parenthood of Greater Texas*, it is not plausible that any facts, construed in the light most favorable to Plaintiffs, would result in a finding that either requirement fails rational-basis review, either as-applied or on its face. For this reason, Plaintiffs' claims involving "arbitrary and unreasonable state action" will be dismissed.

## F.  Ambulatory-Surgical-Center Requirement Claims

The State maintains that the Act's severability clause requires Plaintiffs' facial challenge to the ambulatory-surgical-center requirement to be "rejected out of hand." It is well settled that "[f]ederal courts are bound to apply state law severability provisions." *Planned Parenthood of Greater Texas*, 748 F.3d at 589. However, the existence of such a provision does not preclude a plaintiff from challenging a state law's constitutionality on its face. *Id.* ("Even *when considering facial invalidation of a state statute*, the court must preserve the valid scope of the provision to the greatest extent possible.") (emphasis added). To conclude otherwise would strike at the heart of this nation's principles of constitutional federalism. The question of appropriate remedy comes at the conclusion of the trial on the merits. The court will not reject "out of hand" Plaintiffs' facial challenge.

The State also asserts that Plaintiffs lack third-party standing to assert the rights of other providers' patients. In light of long-standing precedent tacitly acknowledging third-party standing for abortion providers who challenge the validity of abortion regulations, and the Fifth Circuit's finding third-party standing in *Planned Parenthood of Greater Texas*, this court concludes that Plaintiffs here have third-party standing to bring a facial challenge to the ambulatory-surgical-center requirement. *Id.*

Finally, the State argues that Plaintiffs' undue-burden claims, both facial and as-applied, cannot be sustained because Title 42 United States Code, Section 1983 and the Declaratory Judgment Act only extend to litigants who assert their own rights. That many challenges to abortion regulations have been successfully pursued under Section 1983 does not deter the State's position. *See, e.g. Planned Parenthood of Se. Pa. v. Casey*, 744 F. Supp. 1323 (E.D. Pa. 1990); *Planned Parenthood of Greater Texas*, 951 F. Supp. 2d 891 (W.D. Tex. 2013). This court finds the State's argument unpersuasive and will not adopt its reading of Section 1983 or the Declaratory Judgment Act.

### III. Conclusion

For the reasons discussed above, several of Plaintiffs' claims survive the State's motion to dismiss and several do not. Accordingly,

**IT IS HEREBY ORDERED** that the State Defendants' Motion to Dismiss (Clerk's Doc. No. 48) is **GRANTED IN PART** to the following extent: (1) Plaintiffs' challenges to the admitting-privileges requirement and the ambulatory-surgical-center requirement under the Equal Protection Clause of the Fourteenth Amendment are **DISMISSED**; (2) Plaintiffs' improper delegation of

14

lawmaking authority claims are **DISMISSED**; (3) Plaintiffs' claims that both requirements constitute arbitrary and unreasonable state action are **DISMISSED**.  In all other respects, the State's motion is **DENIED**.

Remaining for trial are the Plaintiffs' claims that (1) the admitting-privileges requirement, as-applied to the McAllen and El Paso clinics, violates the Due Process Clause of the Fourteenth Amendment with regard to women in the Rio Grande Valley and West Texas, and (2) the ambulatory-surgical-center requirement, facially in regard to all Texas women and, as applied to the McAllen and El Paso clinics specifically, in regard to women in the Rio Grande Valley and West Texas, violates the Due Process Clause of the Fourteenth Amendment.

SIGNED this *1st* day of August, 2014

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

15