UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Whole Women's Health,** *et al,*<br><br>        Plaintiffs,<br><br>v.<br><br>**David Lakey, M.D***., et al,*<br><br>        Defendants. | Civil Action No. 1:14-cv-284-LY |

# STATE DEFENDANTS' MOTION TO
# CLARIFY THE SCOPE OF TRIAL

TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT COURT:

After reviewing the Court's August 1, 2014 Order on Defendants' Motion to Dismiss ("Order"), Defendants David Lakey, M.D., Commissioner of the Texas Department of State Health Services, and Mari Robinson, Executive Director of the Texas Medical Board in their official capacities, file this motion to clarify the scope of trial.

As explained below, the Court's Order dramatically restricts the scope of trial by finding that both the admitting privileges and ambulatory surgical center requirements survive rational basis review as a matter of law. Following that ruling, <u>any further evidentiary inquiry into the medical or policy justifications for HB 2 is unnecessary according to the standards established by the Fifth Circuit.</u> Almost all the testimony of four of the Defendants' experts and three of the Plaintiffs' experts can no longer have any impact on the outcome of this case. Unless the scope of trial

1

is narrowed, Plaintiffs intend to call between 11 and 13 witnesses in two days, and Defendants intend to call at least 9. There is not time in this schedule to indulge testimony that is completely irrelevant under the law of the case established in this court's Order. To streamline the trial and preserve the court's resources, Defendants respectfully request that the Court instruct he parties to forego the presentation of evidence about the medical or policy justifications for HB 2, which, under the Court's Order, no longer serves any purpose.

This Court's Order granted in part and denied in part the Defendants' Motion to Dismiss. In granting part of that motion, the Court found as follows:

There is a rational connection between the admitting-privileges requirement and the State's goals. *Planned Parenthood of Greater Texas*, 748 F.3d at 594 ("[T]he State's articulation of rational legislative objectives. . . easily supplied a connection between the admitting-privileges rule and the desirable protection of abortion patients' health."). The same analysis applies to legislative objectives with regard to the ambulatory-surgical-center requirement and the State's purported interests in enacting the requirement. In light of Planned Parenthood of Greater Texas, **it is not plausible that any facts, construed in the light most favorable to Plaintiffs, would result in a finding that either requirement fails rational-basis review, either as-applied or on its face**.
Doc. #138 at 13 (emphasis added).

This Court's ruling that neither the admitting privileges nor the ASC requirement could fail rational basis review under any set of facts means that any further evidentiary inquiry into the medical or policy justifications for HB 2 serves no purpose. Under the Fifth Circuit's ruling in *Planned Parenthood of Greater Texas*, the only standard by which courts may judge the medical or policy justifications for an abortion regulation is the rational-basis standard. 748 F.3d at 583, 590 (5th Cir. 2014). This rational-basis review is entirely separate from the undue-burden review. According to the Fifth Circuit:

2

Before viability, the State may not impose an "undue burden," defined as any regulation that has the purpose or effect of creating a "substantial obstacle" to a woman's choice. In Gonzales, the Court added that abortion restrictions must **also** pass rational basis review. (emphasis added) (citations omitted).

*Id*. The Fifth Circuit neatly distinguished between the undue burden inquiry (which looks to the practical consequences of the law on abortion access and does not involve any judgment about the law's policy or medical justifications), *see id*. at 597-600, and rational-basis review (which judges the law's medical and policy rationale under a very lenient standard), *see id*. at 590-96. In *Jackson Women's Health Organization v. Currier*, the Fifth Circuit reiterated this bifurcated approach: "In addition to creating no undue burden, an abortion restriction must pass a rational basis test." 2014 WL 3730467, at *4 (5th Cir. July 29, 2014).

The Fifth Circuit's undue burden analysis in *Planned Parenthood of Greater Texas* analysis looked only to the law's practical effect on access to abortion services. It involved no inquiry into the law's policy or medical justifications. In briefing, the Plaintiffs asked the Fifth Circuit to apply a blended approach to the undue-burden analysis, in which the medical and policy merits of the law must be weighed against the law's impact on abortion access. The Fifth Circuit rejected that approach, instead applying the bifurcated approach advocated by the State and reflected in the Court's opinion. Under that approach, the medical and policy arguments about the law are judged only under the rational-basis standard, and the undue burden inquiry looks only to law's the practical consequences for abortion access (as well as to the Legislature's mental state when enacting it). The Fifth Circuit has resolved the parties' disagreement about which standard applies, and this court is bound to fol-

3

low the standard employed by the Fifth Circuit—which means there is no reason for the parties to present any evidence regarding HB 2's medical and policy justifications at trial.

After finding that the admitting-privileges requirement survived rational-basis review, the Fifth Circuit never again mentioned the parties' arguments about the medical or policy justifications for the law. The rest of the court's opinion, which dealt with the undue burden claim, considered only whether the law had the practical effect of creating a "substantial obstacle" for a "large fraction" of the relevant population. *Id*. at 590-96. Under the Fifth Circuit's analysis, once a rational-basis for the law has been established, any further evidence about the law's medical or policy justifications simply has no role to play. The only issue remaining to be decided is whether the law has the purpose or effect of imposing an undue burden.

Here, because the court has found as a matter of law that a rational basis supports both the admitting privileges and ambulatory surgical center requirements, the issues to be tried have been narrowed dramatically. Following this Court's Order, the only issues remaining to be tried are (1) whether the admitting-privileges requirement has the effect of creating an undue burden as-applied in the El Paso area and as-applied in the Rio Grande Valley; and (2) whether the ambulatory surgical center requirement has the effect of creating an undue burden on a statewide basis or as applied to El Paso and the Rio Grande Valley; and (3) whether the Texas Legislature passed the law with the purpose of placing a substantial obstacle in the path of women seeking a pre-viability abortion.

Nothing in the parties' voluminous expert testimony about the medical basis (or lack of medical basis, from the Plaintiffs' perspective) for HB 2 is relevant to any of these remaining issues. The testimony of several expert witnesses on both sides is irrelevant under the governing legal standards and the law of the case. Cross-examination of these witnesses serves no purpose. There is no reason to weigh down the record and waste the court's time with superfluous evidence, particularly given the tight schedule already set for the trial.

Consistent with the Court's August 1, 2014 Order, the parties should be instructed to present only witnesses whose testimony is relevant to the undue-burden claims. Witnesses whose testimony is relevant only to the medical or policy debate about HB 2 should not be allowed to testify.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        DANIEL T. HODGE
        First Assistant Attorney General

        JAMES D. BLACKLOCK
        Deputy Attorney General for Legal Counsel

        JONATHAN F. MITCHELL
        Solicitor General

        ANDREW S. OLDHAM
        Deputy Solicitor General

        ARTHUR C. D'ANDREA
        BETH KLUSMANN
        PHILIP A. LIONBERGER
        MICHAEL P. MURPHY Assistant Solicitors General

        /s/ Esteban S.M. Soto
        ANDREW B. STEPHENS
        Texas Bar No. 24079396
        ESTEBAN S.M. SOTO
        Texas Bar No. 24052284
        ENRIQUE VARELA
        Assistant Attorneys General

        300 West 15th Street
        P.O. Box 12548
        Austin, Texas 78711-2548
        (512) 463-2120 (phone)
        (512) 320-0667 (fax)

        COUNSEL FOR DEFENDANTS DAVID LAKEY, M.D., AND MARI ROBINSON

Dated: August 3, 2014

## CERTIFICATE OF SERVICE

    I certify that on August 3, 2014, this document was served on counsel of record through the Court's CM/ECF Document Filing System or through e-mail.

Jan Soifer
Texas Bar No. 18824530
Patrick J. O'Connell
Texas Bar No. 15179900
O'CONNELL & SOIFER LLP
98 San Jacinto Blvd., Ste. 540
Austin, Texas 78701
(512) 583-0451 (JS phone)
(512) 852-5918 (PJO phone)
jsoifer@oconnellsoifer.com
poconnell@oconnellsoifer.com

John H. Bucy, II
Texas Bar No. 03311500
6633 Highway 290 East, Suite 104
Austin, TX 78723-1157
(512) 291-6505
john@johnbucy.com

Stephanie Toti
Esha Bhandari
Natasha Lycia Ora Bannan
David P. Brown
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3684 (ST phone)
(917) 637-3659 (EB phone)
(917) 637-3784 (NLOB phone)
stoti@reprorights.org
ebhandari@reprorights.org
nbannan@reprorights.org
dbrown@reprorights.org

J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
(212) 468-7900 Fax
alawrence@mofo.com

Betre M. Gizaw
Marissa P. Harris
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW, Suite 6000
Washington, DC 20006-1888
(202) 887-8744
(202) 887-0763 Fax
bgizaw@mofo.com

Colin M. O'Brien
MORRISON & FOERSTER LLP
370 17th Street, Suite 5200
Denver, CO 80202
(303) 592-2252
(303) 592-1510
cobrien@mofo.com

COUNSEL FOR PLAINTIFFS

                      /s/ Esteban S.M. Soto
                      ESTEBAN S.M SOTO
                      Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I certify that counsel for State Defendants conferred with counsel for Plaintiffs, and Plaintiffs oppose limiting the scope of trial.

/s/ Esteban S.M. Soto
ESTEBAN S.M SOTO
Assistant Attorney General
