IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2020 AUG 18 PM 5:06

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, AUSTIN WOMAN'S HEALTH CENTER, KILLEEN WOMAN'S HEALTH CENTER, NOVA HEALTH SYSTEMS D/B/A REPRODUCTIVE SERVICES, AND SHERWOOD C. LYNN, JR., M.D., PAMELA J. RICHTER, D.O., AND LENDOL L. DAVIS, M.D., EACH ON BEHALF OF THEMSELVES AND THEIR PATIENTS,<br>        PLAINTIFFS,<br><br>V.<br><br>JOHN HELLERSTEDT, COMMISSIONER OF THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES, AND STEPHEN BRINT CARLTON, EXECUTIVE DIRECTOR OF THE TEXAS MEDICAL BOARD, IN THEIR OFFICIAL CAPACITIES,<br>        DEFENDANTS. | §§§§§§§§§§§§§§§§§§§§§§§§§  CAUSE NO. 1:14-CV-284-LY |

### ORDER ON PLAINTIFFS' MOTION CONCERNING ENFORCEMENT OF ORDER AWARDING ATTORNEY'S FEES AND COSTS

Before the court is the above-styled and numbered action, in which Plaintiffs, Texas abortion providers, sued State of Texas officials and local prosecutors, challenging the constitutionality of two provisions of 2013 House Bill 2 ("H.B. 2"), which related to the regulation of abortion procedures, providers, and facilities.[1] *See* 42 U.S.C. § 1983; Act of July 12, 2013, 83rd Leg., 2d C.S. ch. 1, 2013

---

[1] Plaintiffs are Whole Woman's Health, Austin Women's Health Center, Kileen Women's Health Center, Nova Health Systems d/b/a Reproductive Services, and Sherwood C. Lynn, Jr., M.D., Pamela J. Richter, D.O., and Lendol L. Davis, M.D., each on behalf of themselves and their patients (collectively "Whole Woman's Health"). The court refers to Defendants Hellerstedt and Carlton collectively as "the State."

Tex. Gen Laws 5013. The laws at issue required: (1) physicians who performed abortions to have admitting privileges at a nearby hospital; and (2) facilities in which abortions were performed must meet the state standards for ambulatory-surgical centers. *Id.* at Ch. 1 § 2, 2013 Tex. Gen. Laws at 5013-14 (codified at Tex. Health & Safety Code Ann. § 171.0031(a)(1)(A); 25 Tex. Admin. Code Ann. §§ 139.53(c)(1), 139.56(a)(1)) (admitting privileges); *id.* at Ch. 1 § 4; 2013 Tex. Gen. Laws at 5017 (codified at Tex. Health & Safety Code Ann. § 245.010(a); 25 Tex. Admin. Code § 139.40) (abortion facilities must meet ambulatory-surgical-center standards). After a lengthy period of litigation, the Supreme Court of the United States held that the provisions of H.B. 2 at issue were unconstitutional on their face. *Whole Woman's Health v. Hellerstedt*, ___ U.S. ___, 136 S.Ct. 2292, 2319 (2016). Following the resolution of all substantive matters, this court rendered an order on August 9, 2019, that addressed the parties' disputes about the amounts of reasonable attorney's fees, nontaxable expenses, and costs that Whole Woman's Health was entitled to recover from the State. By the August 9, 2019 order, the court held that Whole Woman's Health was the prevailing party and ordered that Whole Woman's Health recover from the State reasonable attorney's fees in the amount of $2,297,860, non taxable expenses in the amount of $170,142.76, and costs in the amount of $95,872.80. The court awarded no specific amount to any attorney and denied Whole

---

Whole Woman's Health named as Defendants several local prosecutors charged with enforcing the laws at issue, including David Escamilla, County Attorney for Travis County; Jamie Esparza, District Attorney for El Paso County; Rene Guerra, Criminal District Attorney for Hidalgo County; James E. Nichols, County Attorney for Bell County; Susan D. Reed, Criminal District Attorney for Bexar County; Joe Shannon, Jr. Criminal District Attorney for Tarrant County; and Craig Watkins, Criminal District Attorney for Dallas County, in their official capacities (collectively "Local Prosecutors"). Whole Woman's Health and the Local Prosecutors filed a joint motion to dismiss the Local Prosecutors, which the court granted on May 19. Thereafter, none of Whole Woman's Health's claims alleged against the Local Prosecutors remained in the action.

Woman's Health's request for future attorney's fees in an undetermined amount. The court declared that it would address any future issues regarding attorney's fees and nontaxable expenses as the need arises. Neither side appealed the court's August 9, 2019 order.

Pending before the court is Whole Woman's Health's Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed November 15, 2019 (Doc. #300), Plaintiffs' Memorandum of Law In Support of Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed November 15, 2019 (Doc. #301), State Defendants' Response to Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed December 4, 2019 (Doc. #306), and Plaintiffs' Reply In Support of Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed December 20, 2019 (Doc. #309).

Whole Woman's Health seeks an order from the court that the $2,563,876.56 awarded by the August 9, 2019 order shall accrue interest at the statutory rate of 1.94%, calculated from August 9, 2019, until the date of payment in full, and that all of the State's payments ordered August 9, 2019, be made to Morrison & Foerster LLP. *See* 28 U.S.C. § 1961. The State is unopposed to these requests for relief. However, issue is joined regarding Whole Woman's Health's final request–that the court order that if the full amount of the August 9, 2019 order, plus all accrued interest, is not paid by the State to Morrison & Foerster LLP on or before September 15, 2021, that the Comptroller of Public Accounts of the State of Texas is to make the full payment with all accrued interest on or before October 15, 2021.

The State argues that Whole Woman's Health's request that the court order the Comptroller to make payments in the hypothetical event that the Texas Legislature refuses to appropriate money

to pay the amounts awarded by the August 9, 2019 order with interest, raises significant federalism issues, which at this time are speculative and unnecessary. The State also represents that it is "working in good faith with Plaintiffs to ensure this claim is timely submitted to the [87th] Texas Legislature." The State argues that this request should be denied without prejudice to refiling in the event these issues become ripe.

The court agrees with the State. The court finds that this request rests on the speculative fact that the Texas Legislature will refuse to appropriate money to pay the amounts awarded to Whole Woman's Health by the August 9, 2019 order.

State laws govern how Texas agencies pay court settlements and judgments. *See* 2020-21 General Appropriations Act, 86th Leg. R.S. ch. 1353, art. IX, sec. 16.04. State agencies may not use their appropriated funds for the biennium to pay an amount in excess of $250,000 to satisfy a settlement or judgment. *Id.* at § 16.04(b)(3). Also, State agencies may not make partial payments of a judgment. *Id.* at § 16.04(b)(6). To pay a judgment that exceeds $250,000 and the $1,500,000 Fiscal Program's Fund,[2] the claim must be included in the Miscellaneous Claims Bill for the next Texas Legislature to appropriate funds. *See* Tex. Gov't Code Ann. § 403.074 (West 2013).

The court concludes that as there exists no live case or controversy among any of the parties that includes the Texas Comptroller, the court lacks jurisdiction over Whole Woman's Health's request that the court render an order directing any actions of the Texas Comptroller and dismisses the request without prejudice. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 574-78 (1992);

---

[2] The Fiscal Program Fund is money appropriated by the Texas Legislature once a biennium to pay certain judgments and settlements, including federal-court judgments. The Fund totals $1,500,000 for the current biennium. *See* 2020-21 General Appropriations Act, 86th Leg. R.S. ch. 1353, art. I, sec. 1.

*Grant ex. rel Family Eldercare v. Gilbert*, 324 F.3d 383, 388 (5th Cir. 2003) (to satisfy case-or-controversy requirement for prospective injunctive and declaratory relief, plaintiff must show either "continuing harm or a real and immediate threat of repeated injury in the future").

Having considered the motion, response, reply, and the applicable law,

**IT IS ORDERED** that Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed November 15, 2019 (Doc. #300) is **GRANTED IN PART and to the extent** that all of the amounts awarded to Plaintiffs by Order on Motions for Attorney's Fees, Nontaxable Expenses, and Costs signed August 9, 2019, shall accrue interest at the statutory rate of interest of 1.94%, calculated from August 9, 2019, until the date of payment in full. *See* 28 U.S.C. § 1961. Additionally, the motion is **GRANTED IN PART and to the extent** that the State shall pay the full amount of the award to Whole Woman's Health ordered August 9, 2019 and all accrued interest to Morrison & Foerster LLP.

As the court lacks jurisdiction over the remaining requests by Whole Woman's Health, all remaining requests in Plaintiffs' Motion Concerning Enforcement of Order Awarding Attorney's Fees and Costs filed November 15, 2019 (Doc. #300) are **DISMISSED WITHOUT PREJUDICE**.

SIGNED this ___18th___ day of August, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE